Thomas A. AULD, as Owner of the SHRIMPER DOLPHIN, Plaintiff,

v.

The SHRIMPER SHIP ISLE, her engines, tackle, and equipment, etc. and the SHRIMPER LADY ERIKA, etc., Defendants.

George E. SPELLMEYER, as Owner of the TRAWLER TERESA JULIA, Plaintiff,

v.

The SHRIMPER SHIP ISLE, and Island Trawlers, Inc., her owners, the Shrimper Lady Erika and Y. E. Hall, Inc., as Owners of the Lady Erika, Defendants.

Civ. A. Nos. 4779–67, 4724–67.

United States District Court,
S. D. Alabama, S. D.

June 30, 1969.

John H. Tappan, Mobile, Ala., for plaintiffs.

Frank B. McRight, Mobile, Ala., for defendant Lady Erika.

Oliver J. Latour, Jr., Mobile, Ala., and Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., for defendant Shrimper Ship Isle.

DANIEL HOLCOMBE THOMAS, Chief Judge.

These actions, consolidated for trial by this Court's Pretrial Order of June 19, 1968, are causes in the nature of an Admiralty action under the terms of Rule 9(h) of the Federal Rules of Civil Pro-

cedure for which this Court has jurisdiction. The matters came on before the Court, sitting without a jury, on February 6, 1969, and I now enter the following opinion.

The city of Bayou La Batre, Alabama, is located in the extreme southwest portion of Mobile County, Alabama, facing open waters to the Gulf of Mexico. The community's life and businesses revolve around the seafood industry and at all times, the City has been the home port for a large fleet of fishing and shrimping vessels.

On or about the 6th of September 1967, the port city of Bayou La Batre and the surrounding area received an unprecedented amount of rainfall which was neither expected nor predicated. Estimates as high as 16 inches of rainfall for a two day period, including September 6, were acclaimed. As a direct result of heavy rainfall, the tide and current in the Bayou's channel were greatly increased in height and speed.

Because of the foul weather and high water, a large number of the fishing and shrimping vessels were tied up in the harbor. At the Quality Seafood Company's dock, the defendant vessels, the Lady Erika and the Ship Isle were moored. The Quality dock is located on the right bank on the upstream side of the Bayou's channel. The vessels were docked abreast, with the Ship Isle being the inward vessel. The Lady Erika was secured to the Ship Isle with her lines tied "bit to bit" to the Ship Isle's. The Ship Isle was tied to the dock by three one inch nylon lines, doubled. The doubled lines were tied to three separate pilings on the dock, connected to the boat at her bow, breast and stern. The Quality Seafood dock had been recently constructed with creosote pilings measuring 12″ by 18″ in size.

Located approximately one-fourth of a mile downstream on the same side of the channel, the plaintiff-vessel, Teresa-Julia was moored to the dock owned by the Crystal Ice Company with her bow headed upstream. One boat length below the Teresa-Julia, the plaintiff-vessel, Dolphin, was moored at the Southland Seafood Company's dock. The Teresa-Julia was tied directly to the Crystal dock whereas the Dolphin was the outermost vessel of three boats moored abreast to the Southland dock.

Sometime around 8 o'clock on the night of the 6th, the dock piling at the Quality Seafood dock gave way to the forceful channel current, notwithstanding its recent construction. The double lines on the Ship Isle slipped off the bent or broken pilings, setting both vessels adrift in the channel. The vessels, tied abreast, drifted with the swift current downstream, first striking and damaging the Teresa-Julia and then striking and damaging the Dolphin. The Ship Isle's anchor became entangled in the Dolphin's rigging, stopping the vessel from drifting further downstream.

It is not disputed by the defendants that the vessels, Ship Isle and the Lady Erika struck and damaged the plaintiff's vessels, although the extent of damage is in dispute.

The defendants deny any and all liability on two separate grounds (1) the breaking away and subsequent striking by the Lady Erika and the Ship Isle against the plaintiffs' vessels was an inevitable accident caused by an Act of God; (2) alternatively, the defendants assert that the plaintiffs were contributorily negligent by mooring their vessels, partially and/or totally, within the navigable channel of Bayou La Batre in violation of 33 U.S.C.A. § 409. Without reaching the merits of defendants' alternative contention, the Court finds that the breaking away and subsequent collision of the vessels was an inevitable accident.

The following facts were established by the evidence and are not in dispute: (1) the heavy rainfall caused the current of the channel to increase to five times its normal speed, (2) the Quality Seafood Company's dock was recently constructed with timbers of sufficient quality and size, (3) the Lady Erika and the Ship Isle were properly moored and positioned, (4) three doubled one-inch nylon

lines secured the Ship Isle (and therefore the Lady Erika) to the dock and (5) the ships were set adrift by the breaking and bending of the dock pilings and was not caused by any negligence on the part of the defendants.

The Court's finding of an inevitable accident is not altered by the fact, asserted by plaintiffs, that the defendant-vessels were left unmanned at the time of the breaking away. Under the then existing circumstances, the owner and crew of the defendant vessels had properly exercised all the reasonable care which the situation presented and demanded. The Lackawana, 210 F. 262 (2 Cir. 1913); Griffin on Collision, pp. 537–543.

The foregoing shall constitute the Court's Findings of Fact and Conclusions of Law.

Order to be entered accordingly.